UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JUSTIN M. FENNEY,                                    Case No. 16-cv-1882 (JNE/TNL)

          Petitioner,

v.                                                   **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

          Respondent.

This matter comes before the Court on Petitioner Justin M. Fenney's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the legality of his conviction and sentence. (ECF No. 1.) Fenney also requested that the Court issue a stay of his petition so that he can exhaust his state remedies. (ECF No. 2.) This Court has conducted a preliminary review of Fenney's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, based on that review, recommends that Fenney's petition be dismissed without prejudice for failure to exhaust state remedies.

**I. BACKGROUND**

Fenney was convicted of first-degree criminal sexual conduct and third-degree assault against a woman with whom he had a long relationship. *State v. Fenney*, No. A13-0978, 2015 WL 1880185, at *1 (Minn. Ct. App. Apr. 27, 2015), *rev. denied* (Minn. July 21, 2015). "The complaint alleged that Fenney severely beat [the woman] and

sodomized her with a toilet-brush handle." *Id*. at *1. "After sentencing, [the woman] provided a statement to the police that differed from her trial testimony." *Id*. at *2. "In sum, [the woman] recanted the portion of her trial testimony that suggested Fenney intentionally penetrated her anus. She did not recant her testimony that Fenney beat her." *Id*.

Fenney appealed and the Minnesota Court of Appeals "stayed the appeal and remanded for postconviction proceedings." *Id*. After holding a postconviction evidentiary hearing, the state district court denied Fenney's request for a new trial based on the recantation. *Id*. After the postconviction petition was denied, the stay was lifted. *Id*. On appeal, Fenney argued that "the state failed to prove the element of intentional penetration," *id*. at *3, and he was "entitled to a new trial based on 'newly-discovered evidence that [the woman] gave false testimony at trial,'" *id*. at *5. In a pro se supplemental brief, Fenney also asserted an ineffective-assistance-of counsel claim. *Id*. at *7. The Minnesota Court of Appeals, however, declined to review this claim "[b]ecause the record [was] inadequate." *Id*. The Minnesota Court of Appeals denied Fenney's appeal on April 27, 2015 and the Minnesota Supreme Court denied review on July 21, 2015.

## II. HABEAS PROCEEDINGS

In his current petition, Fenney raises two grounds for relief. Fenney describes his first ground as follows: "Based upon clearly established fed. [sic] law, the decision not to grant a new trial . . . was contrary . . . and unreasonable . . . in light of totality of facts and circumstances, i.e., 1st post-conviction petition." (ECF No. 1 at 5.) For his second

ground, Fenney claims that he received a "disproportionate sentence" because it was based in part on the recanted trial testimony. (ECF No. 1 at 7.)

When asked whether the grounds for relief had been presented on direct appeal, Fenney answered "no" and stated that they were not known to him at that time. (ECF No. 1 at 6, 7.) When asked whether the grounds for relief had been raised through postconviction proceedings, Fenney answered "yes," stating that they would be raised in a second postconviction petition in state district court that Fenney was "preparing to file." (ECF No. 1 at 3, 6, 7.) Similarly, when asked whether his grounds for relief had been presented to the highest state court, Fenney checked the "yes" box but wrote in "not yet." (ECF No. 1 at 12.)

In his request to stay these proceedings, Fenney reiterated that he had prepared a petition for postconviction relief presenting these two grounds for filing in the state district court. (ECF No. 2 at 2.) Fenney expressed concern over the expiration of the one-year statute of limitations for federal habeas relief, believing it to expire in June 2016. (ECF No. 2.) *See* 28 U.S.C. § 2244 (d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). A search of the Minnesota Trial Court Public Access database MNCIS indicated that this second petition for postconviction relief was filed in state district court on June 13, 2016, approximately one week after Fenney filed his habeas corpus petition with this Court. The Court ordered Respondent State of Minnesota to respond to the request for a stay and permitted Fenney to file a reply to any such response. (ECF No. 6.)

Respondent filed a response in opposition to Fenney's stay request. (ECF No. 7.) Among other things, Respondent argued that Fenney did not need a stay because he had until October 19, 2016, to file a federal habeas petition. (ECF No. 7 at 5.) Respondent also pointed out that "the statute of limitations for filing a habeas petition is tolled while postconviction proceedings are pending in state courts." (ECF No. 7 at 5 (citing 28 U.S.C. § 2244(d)(2)).) Respondent noted, however, that Respondent believed the second petition for postconviction relief was not properly filed and thus the limitations period was still running. (ECF No. 7 at 5 n.3.) Respondent further noted that "[t]o guard against the adverse effect of Respondent being correct about this, [Fenney] could re-file his postconviction petition . . . ." (ECF No. 7 at 5 n.3.) Fenney appears to have done just that. In his reply to Respondent's opposition, Fenney stated, among other things, that "as of Aug. 31st 2016 Ramsey County District Court has been properly served an 'Affidavit of proof of service,' in addition to, additional copies of the petition provided [to the] Office of Attorney General, and Office of Ramsey County District Attorney." (ECF No. 9 at 4.)

The Court subsequently ordered Respondent to "submit copies of: (1) the post-conviction petitions filed by Fenney in state court, and (2) all memoranda submitted by Fenney to the state courts on direct appeal and in support of his post-conviction petitions." (ECF No. 10 at 1.) In addition, the Court requested Respondent to clarify whether it was still Respondent's position that the second petition for postconviction relief was not properly filed given Fenney's purported correction. (ECF No. 10 at 1-2.) Respondent provided the requested documents and stated, in relevant part:

4

> Respondent noted in footnote 3 of its previous response to this Court, that Fenney's June 13, 2016 post-conviction petition was not properly filed because it had not been filed with proof of service on the Ramsey County Attorney's Office and the Minnesota Attorney General, as required by Minnesota Statute Section 590.02, subdivision 3. Respondent suggested that Fenney could re-file the petition to comply with statutory filing requirements, because he still had time to do so. Fenney filed another post-conviction petition on August 31, 2016, perhaps in response to the suggestion. That filing was timely and meets the statutory requirements for a post-conviction filing. Respondent responded to the filing by letter. That post-conviction proceeding is pending in Ramsey County District Court.
> 
> To specifically answer this Court's question in its Order, [R]espondent maintains that Fenney's June 13 petition was not properly filed, but the subsequent August 31, 2016 petition was properly filed and is pending.

(ECF No. 11 at 2 (citations omitted).)

## III. ANALYSIS

### A. Exhaustion of State Remedies

A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b), (c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement provides the state with "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). A petitioner "fairly presents" his claims "if the state court rules on the merits of

5

his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999). A state prisoner seeking federal habeas relief is not required to have spelled out every nuance of his federal constitutional claims to the state courts. Nevertheless, if a claim is based on the federal constitution, the prisoner must "fairly present the facts and substance of his habeas claim to the state court." *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006); *accord McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997).

Fenney's grounds for federal habeas relief have not been exhausted in the state courts. Respondent contends—and Fenney concedes—that both grounds are unexhausted. In his reply, Fenney states that "[t]he post conviction petition (filed June 13th 2016) addressed matters . . . not presented at the bench trial, direct appeal and/or on post-conviction review, put differently, not exhausted in State Court." (ECF No. 9 at 2; *see* ECF No. 14 at 2-3.) And, it is undisputed that Fenney's second petition for postconviction relief is currently under advisement by the state district court.[1] Because Fenney has failed to exhaust fully the remedies available in the Minnesota state courts, this Court will recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 2254(b) and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts so that Fenney can complete the process he has begun in the state courts. The Court will recommend, however, that this action be dismissed without prejudice so that, if necessary, Fenney may return to federal court after the state courts, including the

---

[1] It appears Fenney recently sought to amend his second petition for postconviction relief. (*See* ECF No. 14 at 1.)

Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to present in his federal habeas petition.[2]

### B. Request for Stay

Fenney also filed a request for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the United States Supreme Court held that, under certain narrowly prescribed circumstances, federal courts can stay, rather than dismiss, a mixed habeas corpus petition that contains both exhausted and unexhausted claims. *See* 544 U.S. at 277-78. The United States Supreme Court recognized that "stay-and-abeyance" might be appropriate in certain cases where the outright dismissal of such a mixed petition could cause a prisoner to lose his opportunity for federal habeas review of his unexhausted claims because of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d); *Rhines*, 544 U.S. at 274-76.

Through briefing on this issue, it has become clear that Fenney is under the mistaken impression that he is at risk of losing all his claims to the federal statute of limitations without a stay. Although the Court recognizes that Fenney is concerned that he will lose his chance at federal habeas relief while he exhausts his claims in state court, his petition does not fit in the narrow category of cases that *Rhines* addresses.[3] The statute of limitations will not run while he exhausts his state claims because it is tolled (or stopped) while he is pursuing those remedies. 28 U.S.C. § 2244(d)(2) ("The time during

---

[2] Because Fenney's second petition for postconviction relief remains pending in state district court at this time, the Court does not address Respondent's argument that Fenney's claims are procedurally defaulted.

[3] Fenney seems to acknowledge this when he states in his reply brief that he seeks a "modified version of Rhine's procedure." (ECF No. 9 at 11; *see* ECF No. 14 at 2.)

7

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Fenney's direct appeal (including the first postconviction petition) was decided by the Minnesota Court of Appeals on April 27, 2015, and review was denied by the Minnesota Supreme Court on July 21, 2015. Fenney was then automatically allowed ninety more days to seek review by the United States Supreme Court before the federal habeas statute of limitations began to run. *See* 28 U.S.C. § 2244(d)(1)(A); *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), *cert. denied*, 525 U.S. 1187 (1999). The statute of limitations for Fenney's federal habeas petition therefore began to run on or about October 19, 2015.

Even assuming that Fenney's second petition for postconviction relief was not properly filed until on or about August 31, 2016, rather than June 13, 2016, the petition was filed well before the one-year plus ninety-day period expired, and the statute of limitations is tolled with approximately six weeks left on the clock. The statute of limitations will remain tolled while any postconviction proceedings are pending in the state courts, including seeking review by the Minnesota Supreme Court. *See* 28 U.S.C. § 2244(d)(2). Fenney can pursue all of his remedies in state court and then return to this Court with his fully exhausted claims if he so chooses, provided he does so before expiration of the time remaining for him to file his federal habeas petition. Simply put, it does not appear that Fenney actually needs to have this action stayed while he exhausts his state court remedies. He should still be able to file a timely federal habeas corpus

petition after exhausting his state court remedies through his second petition for postconviction relief. Fenney is, again, cautioned that he "could face a statute-of-limitations issue in the future if he does not diligently pursue state postconviction relief and does not thereafter promptly commence a new federal habeas corpus action after he has exhausted his state court remedies."[4] *Millner v. Smith*, No. 14-cv-4243 (PJS/HB), 2015 WL 75272, at *3 n.2 (D. Minn. Jan. 5, 2015).

Lastly, Fenney states that, "[i]f [the Court] determine[s] the Stay and Abeyance will not be granted, a thirty-day extension will be requested, so as to amend the currently filed Habeas petition, addressing issues submitted during direct review." (ECF No. 9 at 12.) The Court interprets this statement to mean that, if the Court denies Fenney's stay request, he will move to amend his petition to include only those claims exhausted on direct review. *See Rhines*, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."). The Court reiterates that a stay is not necessary at this time because Fenney, if diligent, will have enough time to file his federal habeas petition after he has exhausted his state court remedies.

In sum, although the Court acknowledges Fenney's apparent concerns about his ability to seek federal habeas review of all of his claims in a timely manner, a stay is not

---

[4]The statute of limitations is tolled only while postconviction proceedings are pending in the state courts. *Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007) (filing for petition for certiorari to the United States Supreme Court for review of denial of state postconviction relief does not toll the statute of limitations under § 2244(d)(2)).

appropriate here.  The Court will therefore recommend that Fenney's request for a stay be denied.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Federal district courts may not grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this standard, the petitioner must show "that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citation omitted).  For purposes of appeal under 28 U.S.C. § 2253, the Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Fenney's petition debatable, or that some other court would decide this petition differently.  The Court therefore recommends that a certificate of appealability not issue.

[Continued on next page.]

# V. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

2. Petitioner's "Notice and Request for Stay and Abeyance" (ECF No. 2) be **DENIED**.

3. No certificate of appealability be issued.


Date: November    10   , 2016                              *s/ Tony N. Leung*
                                                          Tony N. Leung
                                                          United States Magistrate Judge
                                                          for the District of Minnesota


                                                          *Fenney v. State of Minnesota*
                                                          Case No. 16-cv-1882 (JNE/TNL)


# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.